## JOSHUA LANE *versus* JOSEPH STEWARD.

The indorsement by the holder of a note "good to J L, or order, without notice," does not dispense with demand on the maker; nor can such indorsement be considered as a guaranty.

When a note thus negotiated appears by indorsement to have been partially paid on the day of its maturity, such indorsement authorizes the conclusion of due presentment.

Parol evidence is admissible when there is a written contract of indorsement to prove a waiver of demand.

A waiver of demand on the maker is sufficiently established by proof that the indorser, at the time of the indorsement of the note, said that if the maker did not pay the note when it became due, he would; and that after it became due, he told the holder that if he would commence a suit against the maker and could not collect it, he would pay it.

The indorser of a note is not discharged by the holder's releasing the property of the maker attached, and taking a statute bond, though done at the solicitation of the maker and for a valuable consideration.

Neither is he discharged by the refusal of the holder to receive from the maker a conveyance of sufficient real estate as security, and give day of payment.

A sale of a promissory note at a greater discount than legal interest, does not make the transaction usurious.

ASSUMPSIT against the defendant as guarantor and indorser of two promissory notes, signed by John Sargent, Jr. and William T. Sargent. One note was for $440, and interest, dated July 15, 1835, and payable to the defendant or order, in one year, and by him indorsed before maturity to the plaintiff, in the following manner, viz. — "Good to Joshua Lane or order, without notice. Joseph Steward."

The other note was for $150, and was dated June 1, 1835, payable in one year from date, and indorsed in the same manner as the first.

The writ contained the usual money counts. It was dated April 16, 1839.

From the report of the case by SHEPLEY J. before whom the cause was tried, it appeared that the last mentioned note had been transferred by the plaintiff to one Wildes, to whom $49,60 had been paid by Sargent on June 1, 1836; that Wildes afterwards sued Sargent on March 11, 1837, and caused all his real estate in the county to be attached; that execution was duly obtained in this suit, and that on Dec. 4, 1838, the sum of $20,76 was realized for the sale of an equity of redemption belonging to said Sargent; and that the balance was paid to said Wildes by the plaintiff before the commencement of this suit.

It was agreed that the plaintiff commenced an action against said Sargent on the larger note, and on Sept. 17, 1836, caused all his real estate to be attached; that judgment was recovered Jan. Term, 1837, in said suit, and the execution duly issued and placed in the hands of the officer by whom it had been served, within thirty days from the rendition of judgment.

John Sargent, Jr. testified that the plaintiff and officer called on him with the execution before the expiration of the thirty days, and that he then offered to convey to the plaintiff his house in which he lived, worth three thousand dollars, and which was unincumbered, though the records shew a mortgage to James Read, which was paid, and take a bond for the reconveyance of the same on payment of the amount of the execution in six months, but the plaintiff declined receiving it. The plaintiff then agreed to relinquish the attachment of the Sargents' real estate, and to take a statute bond in six months, if Sargent would give him a note for twenty dollars, payable in six months, which he did, but subsequently advertised said note, and never paid it. He further testified that he disclosed agreeably to the conditions, and took the poor debtor's oath; that when said notes became due he was doing a large business, having a stock of goods to the amount of three thousand dollars, which he sold out on July 27, 1836.

John Lane testified that he called with the plaintiff at the defendant's on Sept. 1837; that the plaintiff asked defendant for some money; that defendant agreed to let him have some; that plaintiff asked defendant to pay the note for $440, after it became due, and he, defendant, requested the plaintiff to commence an action against Sargent, and said if the plaintiff could not collect it of Sargent, he would pay it. He further testified, subject to all legal objection, that at the time of the indorsement of the notes declared on, the defendant said if Sargent did not pay the notes when they became due, he would.

It was agreed that the sum paid the defendant by the plaintiff for said notes, was five hundred and twenty-eight dollars, on Jan. 4, 1836.

It was thereupon agreed that a default should be entered by consent, subject to the opinion of the Court upon the facts admitted or legally proved, and that the Court might deduce such inferences from the facts proved or admitted, as a jury might, and render such judgment as in their opinion the law of the case might require.

*Hobbs,* for the defendant. The contract between the parties is either one of indorsement or guaranty. If the plaintiff claims to recover against the defendant as an indorser, the action cannot be maintained, no demand being proved. The necessity of a demand is not waived by the terms of the guaranty. Notice only is waived. The effect of that contract was only to require one of the pre-requisites to charge an indorser. The Court will not look beyond the terms of the contract. The declarations of Stewart are inadmissible to vary its terms. A waiver of all rights to notice does not dispense with demand. *Berkshire Bank* v. *Jones,* 6 Mass. R. 524; Bailey on Bills, 125.

If demand and notice are to be considered as waived, the defendant is discharged, by the plaintiff releasing, for a valuable consideration, the property attached, and giving further time to the debtor. By taking a note and bond for six months, the

Lane v. Steward.

right of action against Sargent was suspended for that time. Chitty on Bills, 9th ed. 442.

If this was a guaranty, the defendant is discharged by the laches of the plaintiff, in not making demand on the maker at the maturity of the note, he being then solvent. *Oxford Bank* v. *Haynes,* 8 Pick. 423; Ohio Cond. R. 436. If Steward's declarations are received, the defendant is discharged, if, as was proved to be the case, the note was collectable. To charge a guarantor, it must be shown that the note could not have been collected of the maker. 14 Wend. 231. Here the evidence shows that payment of the note might have been enforced, had reasonable diligence been used.

*A. W. Paine,* for the plaintiff, maintained the following positions: —

1. A waiver of demand by parol may be proved, notwithstanding the indorsement is good without notice, the waiver being no part of the contract. 1 Phil. Ev. 475; *Taunton Bank* v. *Richardson,* 5 Pick. 446; *Fuller* v. *McDonald,* 8 Greenl. 213; *Union Bank* v. *Hyde,* 6 Wheat. 572; *Boyd* v. *Cleveland,* 4 Pick. 525; *Farmer* v. *Sewall,* 16 Maine R. 456.

2. If a demand was necessary on the maker, the promise of Steward to pay, is evidence of presentment. Chitty on Bills, 235; *Gibbon* v. *Coggan,* 2 Camp. 188; *Taylor* v. *Jones,* 2 Camp. 105; *Jones* v. *Morgan,* 2 Camp. 474; *Greenway* v. *Hindley,* 4 Camp. 52; *Hopes* v. *Alden,* 6 East, 16; *Lundie* v. *Robertson,* 7 East, 231; *Wood* v. *Brown,* 1 Stark. 217; *Dixon* v. *Elliot,* 5 C. & P. 437; *Walker* v. *Laverty,* 6 Munf. 487; *Martin* v. *Ingersol,* 8 Pick. 1; *Pierson* v. *Hooker,* 3 Johns. 68.

3. The express promise proved, is sufficient to support the action, it being made upon the consideration of incurring the expenses of a suit against Sargent. *Stewart* v. *M'Guire,* 1 Cow. 100; *Union Bank* v. *Geary,* 5 Pet. U. S. R. 99; *Lunt* v. *Padelford,* 10 Mass. R. 236; *Bank of Utica* v. *Sneider,* 3 Cow. 662; *Brooks* v. *Ball,* 8 Johns. 337. The conditions

upon which the defendant promised to pay, have been complied with.

4. The neglect to levy, and the refusal to take real estate, do not impair the plaintiff's right to recover. *Page* v. *Webster*, 15 Maine R. 249.

*Hobbs*, for the defendant. The defence rests on two grounds; the want of demand upon, and the giving time to the maker. The form of the indorsement changes the character of the defendant, from indorser to guarantor. The waiver of notice is a waiver of his rights as indorser. As guarantor, the defendant insured the solvency of the principal at the maturity of the note. *Warrington* v. *Furber*, 8 East, 245. The principal in this case was solvent, and a demand should have been made in a reasonable time on the maker. Com. Dig. Pr. & Surety K. 2; *Moakly* v. *Riggs*, 9 Johns. 69; *Reed* v. *Cutts*, 5 Greenl. 189. Notice of such demand, and nonpayment, should have been given the defendant. *Bank of New York* v. *Livingston*, 2 Johns. Cas. 409; *Sturgis* v. *Robbins*, 7 Mass. R. 301; *Holbrow* v. *Wilkins*, 1 B. & C. 10; *Oxford Bank* v. *Haynes*, 8 Pick. 423.

But whatever may have been the original liability, here a new credit was given to Sargent; and time was given for a valuable consideration, and the attachment of the real estate released, and thus the defendant discharged. *Kennebec Bank* v. *Tuckerman*, 5 Greenl. 130.

The opinion of the Court was delivered by

SHEPLEY J. — The defendant being the payee and holder of two negotiable promissory notes indorsed them to the plaintiff, "good to Joshua Lane or order without notice." This cannot be considered a contract of guarranty. It is in substance an engagement to be accountable as indorser without notice. And such a contract does not dispense with a demand upon the maker. *Burnham* v. *Webster*, 17 Maine R. 50; There was a partial payment actually made by the maker on the day it became due, on the note for one hundred and fifty dollars; and it authorizes the conclusion, that it was duly pre-

Lane *v.* Steward.

sented for payment; and notice of it being waived the plaintiff's right to recover is established.

To prove a waiver of demand upon the maker and a promise to pay the other note, the plaintiff introduced testimony, " that at the time of the indorsement of the notes declared on, the defendant said, if Sargent did not pay the notes, when they became due, he would." And that the witness " heard the plaintiff ask the defendant to pay the note for $440, after it became due, and the defendant requested the plaintiff to commence an action against Sargent, and said, if he could not collect it of Sargent, he would pay it." It has been decided, that parol testimony to prove a waiver does not contradict the written contract between the indorser and holder, but only shews, that the party had waived one of the conditions of it. *Taunton Bank* v. *Richardson*, 5 Pick. 436. And that when the language of a written waiver was equivocal, " the sense, in which the parties used the words, in which they express themselves, may fairly be sought in the practical exposition furnished by their own conduct or the conventional use of language established by their own customs or received opinions." *Union Bank* v. *Hyde*, 6 Wheat. 576. And that a promise to pay, if not paid by the other parties when due, made by an indorser at the time of indorsing, may be regarded as a waiver of a demand upon the maker. *Boyd* v. *Cleveland*, 4 Pick. 525; *Fuller* v. *M'Donald*, 8 Greenl. 213. These cases authorise the admission of the testimony and a conclusion from it, that the defendant waived a demand upon the maker.

It is contended, that the plaintiff, by releasing the property attached, and by arresting the maker on execution and taking a statute bond discharged the defendant; especially when it was done for a valuable consideration received. One of the points decided in *Page* v. *Webster*, 15 Maine R. 258, was, that a release of property attached did not discharge an indorser. If the plaintiff had a legal right to release the property attached, the indorser cannot be injured or justly complain, that he received a payment from the debtor as a consideration for its exercise. If any money were in fact received he might

claim to have it applied in part payment. By *causing* an arrest of the body and taking the bond provided by the statute he only elected to pursue one of the remedies, which the case afforded. And he cannot be considered as giving time to the principal by taking a bond on six months; for the time was determined by the law and not by the plaintiff.

The offer of the debtor to convey his house, and the refusal of the plaintiff to receive it as security, did not discharge the indorser. He cannot impose upon the holder the burden and risk of taking security and giving day of payment, which would deprive him of the right to resort to the indorser.

The notes were free from usury between the original parties; and it was decided, in *French* v. *Grindle*, 15 Maine R. 163, that a sale at a greater discount than legal interest did not in such case prove the transaction to be usurious. The plaintiff, according to the rule established in that case, can recover from the defendant, of whom he purchased, only the amount which he paid with interest.

*Judgment for the plaintiff.*