Tankersley v. J. & A. Graham.

## TANKERSLEY v. J. & A. GRAHAM.

1. The contract evidenced by a blank indorsement, is ascertained by the law, and cannot be modified or changed by parol evidence.
2. When evidence is given to show, that the condition of the indorsement of a note, was the sale of lands, and proof is also given, that the lands had been patented to another, whose heirs were suing the defendants for a recovery, the evidence of the patent and suit may properly be excluded from the jury, unless an eviction is also shewn.
3. When an agent was employed to sell land, and took from the purchaser the note of another individual, indorsed by the purchaser, it is no defence in a suit on the indorsement, in the name of the agent, to show, that the principal has received the amount of the purchase money, unless it is also shown, that it came from the maker or indorser of the note. The agent paying the money to his principal, acquired such an interest in the note as to entitle him to sue upon it.

Writ of error to the Circuit Court of Sumter.

ASSUMPSIT by the Grahams against Tankersley, as their regular indorsee of a note made by James A. Terry, Stephen Register, and John W. Hawthorn, payable to one Philip Jones, and by the latter delivered to the defendant, who indorsed it to the plaintiff.

At the trial, after the plaintiffs had made out a case, to charge the defendant *prima facie,* he offered parol evidence, conducing to show, that the consideration of the indorsement was to provide the payment of purchase money for a fraction of land, bought by the defendant of one Susannah McNiel, and that the indorsement was made to Alexander Graham, as her agent. Also, that the

defendant refused to indorse the note, or to pay for the land, unless it should be agreed, that he was not to be held liable on his indorsement, in the event that he did not get a good title for the land, or if a better title took it; and that the indorsement was made on these terms. Defendent also proposed to show a patent from the General Land Office to one Green, long issued, before this action was brought, and that his heirs were then suing to recover the land.

The Court ruled, that the undertaking of the defendant by his indorsement, was, to pay the note, if the makers were duly prosecuted to insolvency, and that so much of the testimony as went to vary this undertaking, was inadmissible, and ruled it out; and refused to permit evidence of the pendency of the action by the heirs of Green.

There was also evidence, by means of the deposition of Susannah McNiel, brought out by the plaintiff's cross examination, that she had been fully paid the purchase money, for said land, before the institution of this suit. The judgment against the makers of the note, was shown by the plaintiffs, to be unsatisfied upon the record, and they also offered evidence conducing to show, that the note was indorsed in consideration of purchase money due for different lands, bought of Zachariah Graham. There also was proof that the defendant took, and has since had possession, under the purchase from Mrs. McNiel, and also from B. Graham.

The Court charged the jury, that their first inquiry was, as to Tankersley's undertaking, and that was, that if suit was brought to the first Court, and the makers prosecuted to insolvency, he would pay. This had been done. Second—that if the indorsement was made in consideration of a land purchase from Mrs. McNiel, and the defendant took, and has had the possession under her, he cannot defend at law; that although Mrs. McNiel has received payment, for the land, that did not discharge Tankersley, unless he produced evidence that he had paid the note; or that the makers had done so.

The defendant requested the Court to charge, that if the jury believed the consideration for the indorsement, was purchase money due for lands, bought by the defendant of Mrs. McNiel, and that the transfer was to Alexander Graham as her agent; and they also believed that the whole of the purchase money had been

paid to Mrs. McNiel, the presumption was, that the defendant had paid it, and if so, he could not be held liable on the note.

This was refused, and the jury instructed, that the defendant must prove, that he had paid the note, before he could be discharged from it.

The defendant requested the Court also to charge the jury, that if they believed that plaintiffs had paid the purchase money to Mrs. McNiel, without the defendant's request, the note could not be recovered on, nor could they recover for money had and received, unless they paid by the defendant's request. This was refused, and the jury instructed that no payment by Graham could satisfy the defendant's liability, although without his knowledge.

The defendant also requested the Court to charge, that if the jury believed that Mrs. McNiel had in any manner settled the judgment, obtained against Register, Hawthorn, and Terry, and thus obtained payment for the land, then the defendant was discharged from his liability. This the Court refused, and charged the jury, the proof was the other way, as the judgment against Register, &c. was unsatisfied.

The defendant requested the further charge, that the judgment might be settled, although not satisfied on the record, and this was given; and the Court further charged that the defendant's undertaking, by the indorsement, was to the plaintiffs, and payment for land to Mrs. McNiel, would not satisfy the demand, unless made by Tankersley, or some one for him.

The defendant excepted to the several rulings of the Court, as also to the refusals to charge as requested, and to those given, and now opens all the questions arising upon the bill of exceptions, by his assignments of error.

R. H. SMITH, for the plaintiff in error, made these points—

1. That the evidence ruled out should have been left to the jury. [6 Conn. 315, and cases there cited; 3 Ala. Rep. 610.]

2. The charge that the indorsement was made to the plaintiffs, was a charge upon a fact, which question ought to have been left to the jury to decide. It was not sustained by the evidence, but directly against it, as that showed the indorsement was made to Graham, as the agent of Mrs. McNiel. The indorsement was in blank, and the defendant might properly show to whom, and for what, it was made, otherwise no defence could be set up to the

indorsement, for the want of ascertaining the surrounding circumstances.  In this connection, the modification of the charge as requested in the third instance, was an invasion of the proper functions of the jury.

3.  Upon the supposition that the indorsement was made to Mrs. McNiel for the land, and that she had been paid the purchase money, the Court erred in the charges given, as the payment left no consideration for the indorsement, and re-invested the defendant with the title to the note.   [Chitty on Bills, 248, 250 ; 2 Kent's Com. 616 ; 8 Term, 310.]

HAIR, contra, argued—

1.  That the attempt of the defendant to defeat this action, by showing that Mrs. McNiel had been paid for the land sold, without connecting the makers of the note, or the defendant, with the payment, was to vary the effect of the written contract.   [Paysant v. Ware, 1 Ala. Rep. N. S. 160.]

2.  If the defendant remains in possession of the land, it is unimportant whether the plaintiff had title or otherwise.  [Clements v. Loggins, 1 Ala. Rep. N. S. 622 ;  Wilson v. Jordon, 3 S. & P. 92 ; Dunn v. White, ib. 645.]

GOLDTHWAITE, J.—1.  The defendant in the Court below, seems to have placed his defence, in the first instance, upon the ground, that he was entitled to show that his blank indorsement, upon which the suit against him is founded, was intended, and agreed upon, as a special contract, not to be enforced against him, if he did not get a good title for the land sold him ; or if a better title took it from him.   In this view of his liability, he offered to show that one Green had the government title, and that his heirs were seeking to recover the land from him.   So far as this evidence had the effect to vary or change the contract, ascertained by the law, from the blank indorsement, we think it was properly excluded from the jury.   In several cases we have endeavored to show, that the contracts imported by these irregular blank indorsements, are of a fixed, ascertained character, governed chiefly by the nature of the instruments indorsed.  [Jordon v. Garnett, 3 Ala. Rep. 610 ; Milton v. De Yampert, ib. 648.]   After the legal effect of these irregular blank indorsements is ascertained, they fall within precisely the same rules, which ob-

Tankersley v. J. & A. Graham.

tain as to such as are perfect in their nature, and are alike incapable of explanation, or modification by parol evidence. In Somerville v. Stephenson, 3 Stewart, 271, it was held by this Court, that the contract evidenced by the general assignment of a specialty, could not be varied by parol evidence, as it had a specific legal import. The same doctrine was held in Hightower v. Ivy, 2 Porter, 308, in relation to the indorsement of a note. To the same effect is Dupey v. Gray, Minor, 357 ; Free v. Hawkins, 8 Taunt. 92. These cases, it is true, seem to be indorsements which were filled up ; but it is difficult, in principle, to perceive how any distinction can be drawn, when the indorsement is blank, for in either case, the contract has the same definite legal meaning, and the same evils will flow from permitting the legal effect to be varied. The case of House v. Graham, 3 Camp, 57, was the case of a blank indorsement, and the same rule was considered applicable. We are not unaware, that there are many decisions to the contrary of this, in the American Courts. [See Cowen & Hill's Notes, 1473, and Dean v. Hale, 17 Wend. 214.] But the decisions of our own Courts have too firmly established a contrary principle, for us to depart from them, even if we did not entirely concur in their correctness.

2. So far as the evidence went to show the consideration of the indorsement, it was proper enough, and seems to have been considered by the Court below; but the attempt to show a failure of the consideration having failed, in consequence of there being no proof that the defendant had been evicted, the proof with respect to Green's patent, and the suit by his heirs, was properly rejected, as without eviction, these facts constituted no defence. [Cullum v. State Bank, 4 Ala. Rep. 21.]

3. The othe points in the case seem to offer no defence to the action. If, as one of the instructions asked for seems to suppose, Graham acted as the agent of Mrs. McNiel, in making the sale, and the plaintiffs have since paid her the price agreed to be paid for it, they have thereby acquired an interest in this note, which cannot be defeated, except by showing a failure of the consideration, for the indorsement, or a payment of the note by the maker, or indorsers. Such is the effect of all the instructions given, and we are unable to see any error in the refusals of those requested.

The result of what we have said is, the affirmance of the judgment.