Q-ilmore, C. J.
The questions presented on the record are:
1. Is oral testimony admissible to prove that the indorser, as between himself and the indorsee, at the time of indorsing a note in blank, waived the usual demand and •notice ?
2. Did the court of common pleas err in overruling the motion to arrest the case from the jury, and render judgment for the defendant ?
3. Did that court err in refusing to charge as requested, or in the charges given ?
4. Did that court err in overruling the motion for a new trial ?
First. Erom the indorsement in blank of a note not due, the law presumes that the indorser thereby intends to bind himself to pay the note, on the condition that he has due notice of its dishonor at maturity.
The question presents itself, whether the indorsement is conclusive, or only prima facie, evidence of the contract which the law presumes to arise therefrom.
*198 There are authorities which hold that the contract which the. law implies or presumes, in such cases, is as conclusive and certain as if written out in full, and that parol evidence is not admissible to vary or contradict it. The reason given for requiring such strictness, in substance, is that the indorsement adds to the value of the instrument by giving it currency in commercial transactions; and that its value-would be impaired, and circulation restricted, by admitting oral testimony to vary or contradict the terms of the contract which the law presumes or implies from the indorsement, even as between indorser and indorsee. See Bank of United States v. Dunn, 6 Pet. 51; Dale v. Gear, 38 Conn. 15; Bernard v. Gaslin, 23 Minn. 192; Bartlett v. Lee, 33 Ga. 491.
While we sanction the doctrine that upholds the credit and negotiability of commercial paper in the hands of any bona fide holder for value, we do not, in order to accomplish this, see the necessity of carrying the doctrine quite so far as it is carried in the cases above cited.
As between the indorser and indorsee, we regard the-blank indorsement as only prima facie evidence of the contract which the law presumes to arise therefrom. If the indorsement is made upon no other, that contract will control the rights of the parties. If there was a contemporaneous contract between the parties, upon which the indorsement was made, both reason and justice require that, as between themselves, the actual and not the presumed contract should be enforced; and, as between them, oral testimony should be admissible to prove the contemporaneous contract. This will not necessarily, or even probably, impair the currency or credit of the instrument as commercial paper. Prior parties to it will not be affected, nor will the rights-of subsequent indorsees without notice be impaired or limited in any degree. As to all the world, except the parties-to the special contract, and as between themselves only, the character of the instrument as commercial paper will remain unaffected.
The only purpose for which oral testimony was intro *199 duced on the trial was to prove that the indorser, as between himself and his immediate indorsee, waived the usual demand and notice at the maturity of the note; and it is unnecessary for rrs to go further in this case than to hold, as we do, that oral testimony was admissible for that purpose. This holding is fully sustained by authorities.
In Daniels on Negotiable Instruments, § 1093, it is said: “ It is conceded on all sides, that a verbal waiver is as effectual as a written one ; and the weight of authority sustains the proposition that a parol promise to pay the note absolutely, made by the indorser at the time he indorses it, or a promise to pay it if the maker does not, or a verbal agreement between the parties that payment should not be demanded until after maturity, is admissible to prove a waiver of demand and notice.”
In vol. 1, p. 584, of Parsons on Notes and Bills, it is said : “ Indeed, the law seems quite clearly settled, that a parol promise to pay, made by the indorser to the indorsee at the time of, or subsequent to, the indorsement; an agreement to extend the time of payment; a request made by the indorser for forbearance; ... all have respect-
ively been considered as a waiver of demand and notice.” See also Story on Promissory Notes, § 148; Edwards on Bills and Notes, 634, 635; Barclay v. Weaver, 19 Penn. St. 396 ; Fuller v. McDonald, 8 Greenl. 213; Boyd v. Cleveland, 4 Pick. 525; Lane v. Steward, 20 Me. 98.
From the bill of exceptions it appears that the plaintiffs testimony on the trial tended to prove that Dye had wheat to sell; that Scott, a grain dealer, bought it on time, and sold it to the Harmar Flouring Mill Company, the maker of the note, at an advance on the price paid, and took the note in suit payable to his order in one day after date, but vérbally agreed with the Mill Company that they should have a reasonable time to pay the note ; and that on the day of the date of the note he indorsed it to Dye in payment for his wheat.
At the time he said : “ I will guarantee this — will back it. They want a little time on it.” There was conflict in *200 the testimony; but it was for the jury to decide upon the credibility of the witnesses, and we can not say, from all the testimony, that the finding that Scott had waived demand and notice, as the jury must have done, was manifestly against the evidence. The language, under the circumstances surrounding the parties at the time it was used, was sufficient to sustain the finding. To save recurring again to this point, I will say here that there was no error in overruling the motion for a new trial, on the ground that the verdict was against the evidence.
Second. The refusal of the court of common pleas to sustain a motion, made at the close of the plaintiff’s testimony, to arrest the case from the jury and render judgment for the defendant, was assigned for error in the district court, which reversed the judgment on this assignment. The «court of common pleas was clearly right. It is shown, by what has been already said, that the testimony tended to maintain the issues on the part of the plaintiff'. This being so, he was entitled to have his testimony considered by the jury on the merits of his case. Stockstill v. D. & M. R. R. Co., 24 Ohio St. 83. It is probable that the district court regarded the testimony as inadmissible, on the ground that it varied or contradicted the contract which the law implies from the indorsement. But whether it was upon this, or on the ground that the testimony did not tend to maintain the issues, is immaterial, for the reversal, on either ground, was erroneous.
Third,. We find no error in the refusal of the court to charge the jury as requested by the defendant.
The charge requested proceeds on the theory that where «demand at maturity has been waived by the indorser, that still, when demand is made thereafter, notice of non-payment must be given immediately, and that a failure to do ■so discharges the indorser. This is not the law. The general rule is that a waiver of demand is also a waiver of notice. Where the words were, “ I waive demand of protest,” it was held that this language might be construed as implying an intention to waive both demand and notice. *201 Daniels on Negotiable Instruments, §§ 1090, 1094,1095. Tbe charge given in connection with that requested was riot prejudicial, but favorable to the defendant, as it required such reasonable notice as would show that the indorser was not prejudiced by the delay.
Fourth. There is no error in the charge of the court as to the effect of impeaching a witness as to any material fact testified to by him.
If a witness willfully testifies falsely to a material fact, it so far throws suspicion on his entire testimony that if he is not corroborated his entire testimony maybe rejected bv the jury as not worthy of credence. Mead v. McGraw, 19 Ohio St. 55.
Judgment of district court reversed, and that of the common pleas affirmed.

Judgment accordingly.