Owen, C. J.
If the trial court properly excluded the evidence offered by the defendant below to prove that it was agreed, at the time the bills of exchange in suit were drawn, that he was uot to be liable thereon as drawer, the judgment below should be affirmed.
The real issue tendered by the answer was that Kent took the bills of exchange in payment of the debt of $3,014.95 which was due from the defendant, Cummings, to him, and agreed to release the former from all liability for *95 the same. A careful inspection of the answer fails to disclose any averment that Kent agreed to release Cummings from his liability as drawer of the bills, or that there was any agreement that the only purpose in drawing the bills was to effect an assignment of the debt. If we assume the facts alleged in the answer to be proved as fully as averred, they would still fall short of establishing a defense to the action on the bills of exchange. They may have been taken in payment of the account, and Cummings thereby released from all liability thereon ; but the action was not upon the account, but upon the bills given for its payment. The evidence offered was properly excluded, as being irrelevant to the issues joined.
We do not find it necessary, however, to rest our determination of the case solely upon this ground. Assuming for the purposes of the ease, that the issues were broad enough to invite an inquiry into the facts which were sought to be proved by the evidence offered, was it competent to establish such facts by oral testimony?
The liability assumed by the drawing of a bill of exchange is clearly recognized by the law. The mere act of drawing a bill imports the most certain and precise contract, for presumed adequate consideration, that the bill shall be accepted and paid, and that if it is not, the drawer will pay it. Wood v. Surrells, 89 Ill. 107; Chitty on Bills, 147. It is a firmly settled principle that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making, or indorsing of a bill or note, can not be permitted to vary, qualify, or contradict, to add to or subtract from, the absolute terms of the contract. Parson’s Notes and Bills, 501.
The evidence which the court excluded in the case at bar was offered for the purpose of proving that at the time of the drawing and delivery of the bills in suit, it was agreed between the payee and drawer that the latter should not be liable as such drawer. If this was not an attempt to contradict the plain terms of the contract as the law in *96 terprets it, it is not easy to conceive of a case which would present such a question.
Morris v. Faurot, 21 Ohio St. 155, is cited to support, the view contended for by Cummings.
This was a suit by the indorsee against the indorser of a promissory note. The defense was that the indorsement was not made in the regular course of business, but that the plaintiffhad agreed with the makers to take up the note, and that “ the indorsement was made with the express understanding and agreement that this indorsement was to be used by the plaintiff only as evidence to Cochran & McElroy that he had paid off their indebtedness on the note to the defendants, and that it was made for no other purpose whatever.”
McIlvaine, J., says:
“ That parol testimony is inadmissible to contradict or vary the terms of written instruments, and that the contract of an indorser of a promissory note, whether the indorsement be in blank or otherwise, is within the meaning of that rule, as general propositions of law are true, may be admitted for the purposes of this case. But the question in the case, as we understand it, was not as to the terms of the contract, or the nature or extent of the indorser’s liability, but, whether there was any contract at all, out of which any liability could arise.”
It will be seen that this case expressly recognizes the rule which the trial court, in the case at bar, applied in excluding the evidence offered “ as to the terms of the contract, or the nature or extent of the liability” of the drawer.
Dye v. Scott, 35 Ohio St. 194, is relied upon as decisive of the case at bar, in that it establishes the admissibility of the evidence which the trial court excluded. The proposition declared by the court in that ease is : “ Oral testimony is admissible to prove that the iudorser, as between himself and the indorsee, at the time of indorsing a note in blank, waived demand and notice.” We are not called upon, nor have we any disposition, to question the entire soundness *97 of this proposition; and the language of Gilmore, J., which is relied upon by the plaintiff in error, must be read and construed in the light of the question before the court and hot as declaratory of a rule which was not at all necessary to a solution of that question. The rule established by that case is supported by authorities which rigidly adhere to the principle which guided the trial court. 1 Parsons’ Notes and Bills, 584; Daniel’s Neg. Instruments, § 1093; Edwards’ Notes and Bills, § 861; Boyd v. Cleveland, 4 Pick. 525; Lane v. Steward, 20 Me. 98; Fuller v. McDonald, 8 Greenl. 213.
Wood v. Surrells, 89 Ill. 107, is an instructive case, presenting striking analogies to the case at bar. One of several judgment debtors gave a bill of exchange on a third person, wdiose acceptance was procured in satisfaction of the judgment. It was held that evidence of a parol agreement at the time of the drawing of the bill, to release the drawer from all liability on the draft, was inadmissible. Here the judgment was paid by the drawing and acceptance of the bill; but evidence of a contemporaneous parol agree' ment that the drawer was not to be liable as .such, was excluded.
It was further held in this case, that the liability of a drawer of an inland bill of exchange is fixed by presenting the draft on the day of its maturity, and notice of its dishonor. It was also held that: “ The rule is familiar, that an agreement can not exist partly in writing and partly in parol, or, that verbal terms or conditions can £not control the rights or liabilities of parties to commercial paper.”
While there is not entire uniformity in the authorities upon the question, their decided weight will be found to support the principle that evidence is not admissible to prove a contemporaneous parol agreement that the liability of the drawer of a bill of exchange is not to be enforced. 1 Daniels’ Neg. In., § 80; Martin v. Cole, 104 U. S. 30; Bigelow v. Colton, 13 Gray, 309; Davis, Receiver, v. Randall, 115 Mass. 547; Bartlett v. Lee, 33 Ga. 491; Day v. Thompson, *98 65 Ala. 269: Barnard v. Gaslin, 23 Minn. 192; Crocker v. Getchell, 23 Me. 392; Fuller v. McDonald, 8 Greenl. 213; Tankersley v. Graham, 8 Ala. 247; Stubbs v. Goodall, 4 Ga. 106; Wilson v. Black, 6 Blackf. 509; Holton v. McCormick, 45 Ind. 411; Stack v. Beach, 74 Ind. 571; Woodward v. Foster, 18 Gratt. 200; Barry v. Morse, 3 N. H. 132; Heaverin v. Donnell, 7 Sm. & M. 244; Heath v. Van Cott, 9 Wis. 516. This is also the rule in England. Hoare v. Graham, 3 Campb. 57; Abrey v. Crux, 5 Com. P. (L. R.), 37; Bell v. Lord Ingestre, 12 Q. B. 317; see also, Forsythe v. Kimball, 91 U. S. 291; Specht v. Howard, 16 Wall. 564.

Judgment affirmed.