Berger *v.* Henderson.

Debt by the assignee of a promissory note against the maker. Plea, *nil debet*. *Held*, that the plaintiff was not obliged to prove the assignment, there being no affidavit denying it.

*Friday, May 28.*

ERROR to the *Henry* Circuit Court.

Sullivan, J.—Debt on a promissory note by *Henderson*, assignee of *Elliott*, against *Berger*. The declaration was in the usual form. Pleas, 1st, *nil debet;* 2dly, payment and a release. To the second plea, a special demurrer was filed on account of the duplicity, and correctly sustained by the

Court. By consent of parties, the remaining issue was tried by the Court. The plaintiff gave in evidence on the trial the note and assignment as described in his declaration. The defendant objected to the indorsement being received in evidence, without proof of its execution. The Court overruled the objection, and gave judgment for the plaintiff.

The 21st section of the practice act (R. S. 1838,) provides that no plea denying or requiring proof of the execution or assignment of any instrument of writing, which is the foundation of any suit or defence, and specially set forth in the declaration or other pleadings, shall be received unless supported by oath or affirmation. The plea in the present case was not supported by oath or affirmation. If it had been the defendant's object to require proof of the assignment, there should have been an affidavit denying its execution. When the case of *Bates et al.* v. *Hunt*, 1 Blackf. 67, was decided, the foregoing statute as it regards the assignment of notes, &c. had not been enacted. Since its enactment the law as decided in that case has been changed. The Circuit Court, therefore, committed no error in overruling the objection of the defendant.

In *Arnold* v. *Sturges*, *Nov.* term, 1839, this point did not arise. In that case, the assignment of the note was not produced in evidence, in consequence of which the testimony of the plaintiff was incomplete.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman*, for the plaintiff.

*D. Macy*, for the defendant.