Dewey, J.
Assumpsit by Wilson against Black. The declaration contains two counts. The first is on a promissory note made by one Fleming to the defendant, and by him indorsed in full and without qualification to the plaintiff. The insolvency of Fleming is alleged. The second count is for money had and received. Pleas, the general issue to the whole declaration, and two special pleas to the first count. The first special plea is, that the indorsement of the note by the defendant to the plaintiff was originally in blank; that at the time of making the indorsement, and as a part of the contract of transfer, it was agreed between the parties, that the plaintiff should take the note without the right of recourse on the defendant, if the money could not be collected of the maker. The second special plea is a virtual denial of the assignment of the note. All the pleas are verified by oath. The plaintiff demurred to the special pleas, and assigned for cause of demurrer, that they severally amounted to the general issue. The Court overruled the demurrer to the first plea, and sustained that to the second. Final judgment was then rendered for the defendant without any proceedings under the general issue.
The only question of any importance in this cause arises *from the demurrer to the first special plea. It is this, can the legal effect of a blank indorsement of a note, made in the regular course of business, be qualified and controlled by a cotemporaneous verbal agreement.
This Court has decided, that an unqualified assignment in *548 full of a note could not be controlled by parol proof of an agreement that the assignment rvas without recourse. Odam v. Beard, 1 Blackf., 191. This decision is fully sustained by the following English authorities: Hoare et al. v. Graham et al., 3 Camp., 57; Goupy et al. v. Harden et al., 7 Taunt., 159; Free v. Hawkins, 8 Taunt., 92; Britten et al. v. Webb, 2 B. & C., 483. The only difference between those cases and this is, that in them the indorsements were in full, and here the indorsement was originally in blank. But this is a difference in form only. The liability of an indorser under both modes of transfer is precisely the same—to pay the note if, after due diligence, it can not be collected of the maker. This liability is not expressed in terms in a full indorsement any more than it is in a blank one; it is an implication of law arising from each it is the legal effect of a written contract consisting both of the note and the indorsement, and can not, in our opinion, in either case, be varied or qualified by a parol agreement simultaneous with the indorsement. See Barry v. Morse, 3 New Hamp. R., 132. The demurrer should have been sustained.
J. S. Newman, for the plaintiff.
C. H. Test, for the defendant.
The decision of - the demurrer to the second special plea was right. That plea, according to Bates v. Hunt, 1 Blackf., 67, and Scribner v. Bullitt, Id., 112, was defective as amounting to the general issue.
An irregularity occurred in entering final jugment for the defendant on the decision of the demurrer to the first special plea; the second count in the declaration was overlooked.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.