### BLAIR and Another *v.* WILLIAMS.

Suit on a written promise by the defendant to assign to the plaintiff a note on a third person. *Held*, that parol evidence tending to show that the assignment was to be without recourse, was inadmissible.

ERROR to the *Decatur* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by the plaintiffs in error. The declaration contains several counts, to which several pleas were filed. The pleadings may be considered, however, so far as the question we are to decide is concerned, as consisting of a declaration on a

written promise, and of the plea of non assumpsit. The following is the written promise relied on: "For value received, I promise to assign a note of hand I hold on *Harrison T. Jones*, made payable to me, and worth on the face of it, on the 25th of this month, 220 dollars lawful money of the state of *Indiana*, unto *J.* and *P. R. Blair* of *Greensburgh, Indiana*, sometime in the month of *January*, 1841. *December* 26th, 1840.—*Samuel Williams*."

May Term,
1844.

Verdict for the plaintiffs for one cent, and judgment on the verdict.

On the trial, the defendant offered parol evidence tending to prove that the note which he had agreed to assign was to be assigned without recourse on him; which evidence though objected to was admitted.

We think the Court erred in admitting this evidence. The defendant's contract must be understood to be, that he would assign the note in the ordinary form; and the legal effect of such an assignment is, that if the money cannot be collected, by due diligence, from the maker of the note, the assignee may look to the assignor for payment. The evidence in question tended to show that the assignment was not to be in the ordinary form, and was not to have the legal effect of an ordinary assignment. It therefore tended to vary the written contract of the defendant, and was inadmissible. *Odam* v. *Beard*, 1 Blackf. 191.—*Wilson* v. *Black*, 6 Blackf. 509.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*G. H. Dunn*, for the plaintiffs.

*W. W. Wick* and *L. Barbour*, for the defendant.