## PARKER v. MORTON.

PLEADING.—PROMISSORY NOTES.—A complaint against an assignor of a promissory note described it as a note of $480, but the copy of the note set out with the complaint showed an indorsement, by which it was stipulated that if the note was paid in town lots, the sum paid should be $550. *Held*, That the complaint was sufficient.

SAME.—To this complaint the defendant answered, 1. That at the time of the indorsement, it was agreed that defendant should not be held thereby; that the indorsement was only made to enable the plaintiff to collect the note, and was without any consideration whatever. 2. That plaintiff purchased the note upon the sole responsibility of the maker, and with the understanding that defendant was not to be held liable, and that there was no consideration for the indorsement. 3. That the maker offered to pay the note in town lots, and plaintiff refused to receive them. 4. That before the note became due, defendant offered to pay the same in town lots, which plaintiff refused. 5. That the indorsement was procured by the fraud of the plaintiff, and without any consideration.

*Held*, that the first and fifth answers were only good because of the concluding averment in each, that the indorsement was without consideration.

*Held*, also, that the second answer was bad, because it admitted a sale of the note, which imports a consideration, and the alleged contemporaneous verbal agreement contradicted the written contract.

*Held*, also, that the third and fourth answers were bad, because they did not show when the offer to convey town lots was made, or that a deed was tendered, or that the title was in the party tendering them.

APPEAL from the *Porter* Common Pleas.

ELLIOTT, J.—This was an action brought by *Morton* against *Parker*, the appellant, on the assignment of a promissory note executed by one *Cain* to said *Parker*, and by him assigned by indorsement in blank to *Morton*. The complaint was in two paragraphs. A demurrer to the whole complaint, for want of facts sufficient to constitute a cause of action, was filed and overruled, and thereupon the defendant filed an answer of seven paragraphs. The first was a general denial. Issue was taken on the seventh, and no question is made upon it here. The remaining paragraphs are as follows:

2. That at the time of the indorsement of said promis-

sory note, the plaintiff represented and stated to the defendant that he, the plaintiff, wished the defendant to indorse said note merely for the purpose of enabling the plaintiff to collect the same, and not to make the defendant liable to the plaintiff. Further, that he, the plaintiff, knew said *Cain* to be good, and that the plaintiff demanded no security upon said note by indorser or otherwise, and that it was (not) his intention to hold the defendant liable thereon; and the defendant, relying upon said representations, and believing the same to be true, was induced thereby to indorse said note without any consideration whatever therefor.

3. That the plaintiff purchased said note of the defendant upon the sole responsibility of said *Cain*, and with the understanding and agreement that the defendant was in no event to be held liable thereon, and that there was no consideration whatever for said indorsement.

4. That *Cain* offered to pay said note in town lots, according to the terms and effect thereof, but the plaintiff refused to receive the same.

5. That the defendant, before said note became due, offered to pay the same to the plaintiff in town lots, and notified the plaintiff that said *Cain* was about to, and would, become insolvent before said note became due, but the plaintiff refused to receive said lots in payment of said note.

6. That said indorsement was procured by the fraud and misrepresentation of the plaintiff, and without any consideration whatever.

Separate demurrers were filed to the second, third, fourth, fifth and sixth paragraphs of the answer, which were sustained by the court, to which the appellant excepted. A trial of the issues under the other paragraphs resulted in a verdict and judgment for the plaintiff below.

The errors complained of are, 1. The overruling of the demurrer to the complaint. 2. Sustaining the demurrers to the second, third, fourth, fifth and sixth paragraphs of the answer.

No exception was taken to the ruling of the court on the demurrer to the complaint, and hence the question is not properly before us on that demurrer. But as any substantial defect in the complaint, not cured by verdict, may be taken advantage of on error, or would be presented by sustaining the demurrers to the several paragraphs of the answer, it is proper that we pass upon the question. The note executed by *Cain* to *Parker*, on the assignment of which, by *Parker* to *Morton*, this suit is brought, is as follows:

"$480.                              "VALPARAISO, April 4th, 1866.

"Three and one-half months after date, I promise to pay to *W. C. Parker*, or order, four hundred and eighty dollars, with interest, for value received, without any relief from valuation or appraisement laws.                              T. CAIN."

On the back of the note was written the following: "If the within note is paid in town lots, to be $555.

"T. CAIN."

The only objection urged to the complaint is, that the note is described in the complaint as an obligation for the payment of four hundred and eighty dollars, without noticing the indorsement on the back, which is copied above. A copy of the note and the indorsement referred to, however, were filed with, and made a part of the complaint, which would make the complaint sufficient even in a suit upon it against the maker. The note is for the payment, in money, of a sum certain, namely, $480. The utmost that could be claimed by the indorsement on the back is, that it gave the maker of the note the privilege, at the maturity thereof, to discharge the same by conveying to the holder town lots of the value of $555. But here the suit is on the indorsement of *Parker* to the plaintiff, and one paragraph of the complaint shows a diligent prosecution of a suit against *Cain*, the recovery of a judgment for the amount of the note with interest, and the issuing of an execution thereon, and a return of no property found whereon to levy. The complaint is clearly good.

The second paragraph of the answer, so far as it attempts to contradict the legal effect of the assignment, is bad; but it concludes with the averment that by the representations of the plaintiff the defendant was induced "to indorse said note without any consideration whatever therefor." It has been repeatedly held by this court, under the code, in an action on an obligation in writing, *prima facie* importing a valuable consideration, that a plea alleging that it was given without any consideration whatever, is good. As such, we think the second paragraph was sufficient, and that the court erred in sustaining a demurrer to it.

The third paragraph concludes with the same averment, but it admits that the defendant sold the note to the plaintiff, which implies that he paid the defendant a consideration therefor. It then sets up an alleged verbal agreement between the parties, that the defendant was in no event to be held liable on the assignment, and concludes with the averment that it was made without any consideration. An attempt seems to be made to separate the consideration paid for the note from that of the indorsement, or to draw a distinction between them. The paragraph, in effect, admits that the plaintiff paid a consideration for the note, but denies that there was any for the indorsement; but the same consideration supports both. The averment of the want of any consideration for the assignment seems to be based on the preceding one, that the plaintiff agreed that the defendant should, in no event, be held liable; but as that averment contradicts the legal effect of the assignment, it was bad, and the subsequent allegation based upon it must also fall with it.

The fourth paragraph is clearly bad. It fails to show when the offer to pay in town lots was made, or what lots were so offered. It does not show that *Cain* had a title to any town lots, or that he offered or tendered a deed to the plaintiff for town lots.

The fifth paragraph is, if possible, still more defective.

It alleges an offer by the defendant, not by *Cain*, to pay the note in town lots before its maturity.

The sixth paragraph is bad, as a plea of fraud, but good as a general plea of want of consideration, and for that reason the demurrer to it should have been overruled.

It is claimed by the appellee that the seventh paragraph of the answer, upon which issue was taken, covered all the matters set up in the paragraphs to which demurrers were sustained, and therefore that the appellant was not injured or prejudiced in his defense by the ruling on the demurrers. But the seventh paragraph contained no allegation that the assignment was made without any consideration.

The judgment is reversed, with costs, and the court below directed to overrule the demurrers to the second and sixth paragraphs of the answer; after which, either one of said paragraphs may be stricken out on motion, as the same defense is set up in both, and further proceedings had not inconsistent with this opinion.

*T. J. Merrifield* and *W. H. Calkins*, for appellant.

*S. J. Anthony*, *S. E. Perkins* and *Lewis Jordan*, for appellee.