*L. M. Campbell*, for appellee.

———————⧫———————

CAMPBELL *v.* ROBBINS.

| 29 | 271 |
| 126 | 558 |

PROMISSORY NOTE.—EVIDENCE.—The legal effect of an assignment in blank of a promissory note cannot be varied by evidence of a parol contemporaneous agreement that the note should be taken without recourse on the assignor.

APPEAL from the *Orange* Common Pleas.

ELLIOTT, J.—*Campbell*, the appellant, sued *Robbins* on the assignment of a promissory note, executed by one *Burkle* to *Robbins*, on the 19th of *October*, 1865, for one hundred dollars, payable *December* 25, 1865, and assigned by *Robbins* to the appellant by an indorsement in blank. It is alleged in the complaint that "when the note became due, *Bunkle* was, and still is, wholly insolvent, having no property subject to execution, so that an action against him would have been unavailing."

An issue was made by an answer in denial of the complaint. The answer also contained a special paragraph, to which the court sustained a demurrer. A jury being

waived, by agreement of the parties, the issue was tried by the court, and found for the defendant. A motion for a new trial was made and overruled, and judgment rendered on the finding.

During the progress of the trial, the defendant was introduced as a witness in his own behalf, and, over the objection of the plaintiff, was permitted to, and did, testify that he transferred the note to the plaintiff, in exchange for, and in part payment of, a note that the plaintiff held against him; that the plaintiff agreed to take the note without any recourse on him; that at the time of the transfer, he expected soon to remove from the State, and that, at the plaintiff's instance, he indorsed the note in blank, by writing his name on the back of it, simply to enable the plaintiff to collect it, in the event he should have to sue the maker, but not for the purpose of making himself responsible as an indorser.

Under the general denial, the execution of the indorsement, as alleged in the complaint, was admitted, without proof by the plaintiff, and could not be controverted under that issue. 2 G. & H., § 91, p. 113. Nor could the legal effect of the assignment be qualified or controlled by parol evidence that the assignment was without recourse. There is no difference in this respect between an indorsement in full and one in blank. A blank indorsement carries with it authority to the assignee, or holder, to fill it up in the ordinary form. "The liability of the indorser, under both modes of transfer, is precisely the same—to pay the note, if, after due diligence, it cannot be collected of the maker. This liability is not expressed, in terms, in a full indorsement any more than it is in a blank one; it is an implication of law arising from each," and cannot, in either case, be varied or qualified by a parol agreement simultaneous with the indorsement. *Wilson* v. *Black*, 6 Blackf. 509, and cases cited; *Blair* v. *Williams*, 7 Blackf. 132.

But it is insisted by the appellant's counsel that the evidence was properly admitted to impeach the consideration

of the assignment. The consideration of the assignment cannot be separated from the consideration for the sale and transfer of the note. But aside from this, there was no issue in the case under which evidence of a want or failure of the consideration of the assignment was admissible. The court erred in admitting the evidence, and for that error the judgment must be reversed.

It is contended by the counsel for the appellee, that the evidence of the insolvency of *Burkle*, at the time the note became due, was not sufficient to justify a finding. for the plaintiff; that the finding is therefore right, from the evidence, and the judgment should not be reversed for an error of the court in admitting improper evidence on another point. We have examined the evidence, and do not find it by any means conclusive of the insolvency of *Burkle*, but we think it is sufficient on that question to justify a finding for the plaintiff. We cannot say that the finding was not influenced or controlled by the improper evidence admitted by the court.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*F. Wilson*, for appellant.

*J. Cox*, for appellee.