### LEE *v.* PILE.

PROMISSORY NOTE.—*Consideration Paid by Indorsee.*—In an action on a promissory note brought by an indorsee against his indorser, the complaint alleging the insolvency of the maker and the non-payment of the note, it is not necessary to state the amount paid for the purchase of the note, as, *prima facie*, the face of the note fixes the sum to be recovered.·

SAME.—*Indorsement Without Liability.—Mistake.*—In such an action, an answer that the note was exchanged with the plaintiff for certain property delivered to the defendant, and that he delivered the note to the plaintiff, and then, at his request, and solely for the purpose of parting with any apparent title thereto, he indorsed the same, is no defence to the action, as it does not allege that the plaintiff agreed to take the note without indorsement. The additional averments, that it was expressly agreed that the plaintiff should accept the note under the contract, for the property delivered to the defendant, and should rely on the maker for payment, who was the owner of large property; and that the defendant, being ignorant of the law governing his liability, indorsed the note simply to transfer his ownership, and that it was no part of the agreement that he should be liable as an assignor thereof, and that the words "without recourse" were, by mistake, omitted in making said indorsement, are not sufficient to render the paragraph good, as they contradict the written contract of indorsement.

APPEAL from the Shelby Circuit Court.

DOWNEY, J.—Suit by Pile, the indorsee of a promissory note, against Lee, the indorser. It is alleged that Fisher, the maker, was, when the note matured, insolvent and a non-resident of the State. There was a demurrer to the complaint, which was overruled, and the defendant excepted. The defendant then answered, among other paragraphs, as follows:

"Par. 2. And for further answer to the plaintiff's complaint, the defendant says that heretofore, to wit, on the — day of April, 1870, the plaintiff and the defendant and said Fisher resided in Marietta, Shelby county, Indiana, and were well acquainted with the pecuniary standing of each other; that the ·defendant was then and· there the owner and holder of said note and also another note.; and the plaintiff was the owner of six head of mules; and Fisher was the owner of ten thousand dollars worth of property, personal and real; that it was then and there agreed by and between the plaintiff and defendant, that the defendant would and should de-·.

liver to the said plaintiff said notes and pay him sixty-two dollars and fifty cents for and in exchange for said mules, to be then and there delivered by the plaintiff to the defendant; that in pursuance of said agreement the said plaintiff then and there delivered to the defendant said mules; that long afterward to wit, on the 25th day of May, 1870, the said defendant delivered the said notes to the plaintiff without indorsement; that then and there the said plaintiff asked the defendant to indorse his name on the back of said notes, for the sole purpose of divesting himself of all apparent interest in said notes, and to evidence that the defendant had transferred said notes to the plaintiff, and that the plaintiff was the rightful holder thereof; that upon said request, and without any consideration whatever, the defendant indorsed his name on the backs of said notes, and delivered them to the plaintiff, and paid him said sum of sixty-two dollars and fifty cents; and that he did then and there, to divest himself of all interest in said notes, and for no other consideration, indorse his name on said notes."

"Par. 4. And for further answer, the defendant says that he admits the indorsement of the note in the complaint mentioned, as therein set forth, but says that the plaintiff should not recover, because he says that at the time of said assignment of said note, by the defendant to the plaintiff, the plaintiff was the owner of six mules, which he then and there sold to the defendant for said note, and another note, and sixty-two dollars and fifty cents; that Fisher was then and there a resident of Shelby county, and possessed of a large amount of valuable personal and real property, and well known to the plaintiff and defendant; and as a part of said agreement of exchange, it was expressly agreed that said plaintiff should take and accept said notes on said agreement of exchange and rely on said Fisher for their payment; that it was no part of said agreement that said defendant should be responsible as an assignor thereof; and that at the request of the plaintiff and without consideration, and, as the plaintiff said, to show that the defendant had transferred to him the said notes, being

wholly ignorant of the law governing his liability as such assignor, he then and there wrote his name across the back of each of said notes, and by mistake he omitted to indorse said note 'without recourse,' as by their said agreement the same should have been done."

.The plaintiff then demurred to these paragraphs of the answer. His demurrer was sustained, and the defendant again excepted.

There was a reply by way of traverse to the other paragraphs, a trial by the court, and a finding and judgment for the plaintiff. The defendant appeals, and here assigns as error, first, the overruling of the demurrer to the complaint; second, sustaining the demurrer to the second paragraph of answer; third, the sustaining the demurrer to the fourth paragraph of the answer; fourth, the refusal of the court to grant him a new trial.

We think the complaint is sufficient. The objection to it, urged in the brief of counsel for the appellant, is, that the consideration paid by the plaintiff for the assignment of the note is not stated. It is urged that because the consideration paid, with interest, is the measure of the defendant's liability, therefore it must be alleged. We do not think so. The amount of the note is, *prima facie*, the amount which the plaintiff is entitled to recover. If the defendant would insist upon any other amount as that which the plaintiff should recover, it is for him to show the facts which require or justify its adoption. *Youse* v. *M'Creary*, 2 Blackf. 243.

The assignment of a note is itself a contract, which imports a consideration, and that consideration, *prima facie*, is the amount of the note. *Johnston* v. *Dickson*, 1 Blackf. 256, and n.; *Hamilton* v. *Pearson*, 1 Ind. 540.

The next question relates to the sufficiency of the second and fourth paragraphs of the answer. These paragraphs are so nearly alike that they need not be considered separately. The fact stated in each of them, that Fisher was the owner of ten thousand dollars' worth of property, does not, in our judgment, tend to show that the contract was

that the notes should be taken without recourse. That fact might show that the plaintiff would probably have consented to take the notes at his own risk; but at the same time it equally tends to show that the defendant would probably have been willing to indorse the notes of one who was, apparently, so well able to pay.

We do not understand the second paragraph of the answer as alleging that there was an agreement between the parties that the notes were to be delivered by the defendant to the plaintiff without indorsement, or indorsed without recourse; nor do we think the circumstances alleged are sufficient to imply any such agreement. If this paragraph was intended as an answer setting up a failure or want of consideration, it is insufficient, because it shows that there was a consideration. The mules which had been sold and previously delivered by the plaintiff to the defendant were the consideration.

In the fourth paragraph it is alleged that it was "expressly agreed that said plaintiff should take and accept said notes on said agreement of exchange, and rely on said Fisher for their payment." It is not stated here that the plaintiff was to rely exclusively on Fisher for the payment of the notes. If he took the notes indorsed, he must rely on Fisher primarily, and on the defendant only conditionally. But it is also alleged that "it was no part of said agreement that said defendant should be responsible as an assignor." And, on the other hand, we think it is true that there is no agreement shown that the defendant should not be responsible. In the absence of any agreement, one way or the other, the indorsement must be held to have been made in pursuance of the contract. But if there was an agreement, by parol, that the plaintiff should take the notes at his own risk, or under an indorsement that there should be no recourse, and this was part of the contract made at the time the notes were indorsed and delivered, its existence could neither be legally alleged nor proved, for the reason that it would be in contradiction of the legal effect of the indorsement. *Wilson* v. *Black*, 6

Blackf. 509, and cases cited; *Blair* v. *Williams*, 7 Blackf. 132; *Campbell* v. *Robbins*, 29 Ind. 271. In the second paragraph, the parol agreement is alleged to have been made at the time when the note was indorsed, and that paragraph is clearly bad under this rule.

The allegation of the ignorance of the defendant of the legal effect of the indorsement cannot avail him anything; for *ignorantia juris, quod quisque tenetur scire, neminem excusat.*

There was no motion for a new trial, and therefore the assignment that the court erred in refusing to grant a new trial is wholly out of place.

The judgment is affirmed, with five per cent. damages and costs.

*B. F. Davis* and *B. F. Love*, for appellant.

*O. J. Glessner*, for appellee.