### SAMUEL B. MUNSON

*v.*

### ABBOT L. ADAMS *et al.*

1. GUARANTY—*consideration for, after execution of note.* Where the payee of a promissory note offers to assign the same to his creditor in payment of his debt, which the creditor refuses to accept unless he will procure the guaranty of a third person, and such third person, at the payee's request, does guaranty the payment of the note, and the creditor then accepts the note in payment of his debt, the contract of guaranty is between the creditor and the person making the guaranty, and the acceptance of the note, in payment of the debt, is a sufficient consideration to support the guaranty.

2. PRACTICE—*advancing cause on the docket.* Where a defendant goes to trial, without objection, before the cause is reached on the regular call of the docket, under the five-days rule, and interposes all the defense he claims to have, he waives all objection to advancing the cause and trying it out of its order.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. W. H. SISSON, for the appellant.

Messrs. PECKHAM & BROWN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Suit was brought, by appellees, against appellant, as guarantor of a promissory note made by the Corrugated Iron Company to Thomas Dowling, for the sum of $668. Judgment was rendered in the court below in favor of appellees, for the amount due upon the note, which we are now asked to reverse.

Appellant insists that he can not be held liable because, first, there was no consideration to support a guaranty, and secondly, because a guaranty is not assignable.

These positions find a complete answer in the evidence. Dowling desiring to assign the note to appellees, in payment of indebtedness which he owed them, they refused to receive the note unless he would first get appellant to guaranty its payment. Appellant, thereupon, at Dowling's request, did guaranty its payment, and appellees accepted the note in payment of Dowling's debt. The contract of guaranty, therefore, is not to be regarded as with Dowling, but with appellees. Accepting the note in payment of Dowling's debt, was a sufficient consideration to support the guaranty—and the question of the assignability of the guaranty does not arise. It has not been assigned.

The question attempted to be raised, in regard to the court advancing and trying the cause out of its order on the docket, under the five-days rule, we regard as waived. Appellant appeared and went to trial, and interposed all the defense he claims to have had, and is not, therefore, injured. Had he not gone to trial, or applied for a continuance, showing the absence of evidence important to establish a defense of a meritorious character, the case would be different.

Assuming that he was not compelled to go to trial, he did so, and his defense was fully heard, and is unavailing, and

there can, therefore, be no end of justice subserved in awarding him a new trial.

The instructions of the court, under the evidence, were correct.

*Judgment affirmed.*