THOMAS E. COURTNEY *et al.*

*v.*

MICHAEL HOGAN.

| | |
|---|---|
| 93 | 101 |
| 121 | 286 |
| 93 | 101 |
| 52a | 409 |
| 93 | 101 |
| 162 | 247 |

| | |
|---|---|
| 93 | 101 |
| f94a | 141 |

| | |
|---|---|
| 93 | 101 |
| 113a 1 | 13 |
| e113a¹ | 14 |
| 113a 1 | 15 |

1. PAROL EVIDENCE — *to vary contract by indorsement.* The indorser of a note when sued upon his indorsement will not be permitted to prove a verbal agreement made at the time of the indorsement, to the effect he should not be held liable as indorser. The contract of indorsement can not be varied or contradicted by parol evidence.

2. PRACTICE—*waiver of objection to advancing cause on the docket.* A defendant, by appearing and waiving a jury and going to trial before the court, waives his right to object to advancing the cause on the docket under the "five-day" rule.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

This was an action of assumpsit, brought by Michael Hogan against Thomas E. Courtney and John Hawley upon their indorsement of a promissory note, in the Superior Court of Cook county, which was tried before the Hon. JOSEPH E. GARY, Judge, without a jury.

Mr. MELVILLE W. FULLER, and Mr. JOSEPH E. SMITH, for the appellants.

Mr. P. McHUGH, for the appellee.

102        Courtney *et al. v.* Hogan.        [Sept. T.

Opinion of the Court.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action of assumpsit, by appellee against appellants, as indorsers, on a note and indorsement in the words following:

Chicago, December 9, 1874.

Fourteen months ·after date I promise to pay to the order of Thomas E. Courtney & Co., $2000, value received, payable at my office in Chicago, with interest at ten per cent per annum.        E. S. Hawley.

Indorsed :

Pay the within amount .to Mr. Hogan, or order.

T. E. Courtney & Co.

The cause, it appears, was not reached for trial in its regular order on the docket, but was advanced under what is known as the five-day rule of the Superior Court.

It appears, however, that the cause was submitted to the court for trial without the intervention of a jury, by agreement of parties.

The appellants filed the plea of *non assumpsit*, and with it an affidavit which sets up that Courtney & Co. on or about December 24, 1874, were indebted to the plaintiff in the sum of $2100, on account; that on that day affiant made a settlement with plaintiff and received from him the receipt marked "Exhibit A;" that at the time of making said settlement, it was agreed by and between said Hogan and affiant's firm that said Hogan would receive the note declared on, in full satisfaction and discharge of said firm from any and all liability to plaintiff, both on account of said pre-existing indebtedness and as indorsers of said note, except as to $100 balance of said account, which, by the terms of said receipt, was to be subsequently paid by said firm; that said note was delivered to said plaintiff, and received by him, in full satisfaction and discharge, except as aforesaid ; that at the time, E. S. Hawley, the maker of the note, was financially sound and in good

credit, and that affiant afterwards paid the $100 to plaintiff, and took his receipt, marked "Exhibit B." Says that his firm is not indebted to plaintiff in any way; that the defence is not interposed for delay, but that justice may be done, etc.

(Exhibit A.)

$2000.

Received (Chicago, December 24, 1874,) of T. E. Courtney & Co. a note of E. S. Hawley for $2000, payable in fourteen months from December 9, 1874, bearing interest at the rate of ten per cent per annum, being balance in full to date of all claims, except $100 in cash, which we agree to pay to said M. Hogan.                    (Signed)     M. HOGAN.

(Exhibit B.)

$100.                              *Chicago, July* 8, 1875.

Received of T. E. Courtney $100, being balance in full of all claims against the late firm of T. E. Courtney & Co.

(Signed)     M. HOGAN.

Appellants excepted to the order of the court directing that the trial proceed.

Appellee read in evidence the note and indorsement on which suit was brought, and he then read in evidence the record of a judgment recovered by him against Edwin S. Hawley, in the Superior Court of Cook county, at its March term, A. D. 1876, on the same note, together with the execution issued on said judgment, and the officer's return thereon of "no property found."

Appellants then offered to prove the facts stated in their affidavit, but the court rejected the offer and refused to hear the evidence, and to this, also, there was exception taken. Thereupon the court rendered judgment in favor of appellee against appellants, for the amount of principal and interest due on the note.

From this judgment an appeal was prosecuted to the Appellate Court of the First District, where the judgment of the Superior Court was affirmed.

The case comes here by appeal from that judgment.

It is very clear the defence attempted to be interposed was invalid. In *Mason* v. *Burton,* 54 Ill. 349, one of the objections urged against the judgment of the lower court was, that the court refused to allow the appellant to prove a verbal agreement, made at the time of the indorsement, to the effect that he should not be responsible as indorser. But it was held the ruling of the lower court was right, and it was said, " His assignment of the notes meant that in certain contingencies defined by the statute he would pay the notes, and it meant this as fully as if this agreement had been written out in words. This was the legal effect of the assignment, and it can not be impaired by proof of a different parol agreement. *Howes* v. *Merrill,* 5 Cush. 82; *Campbell* v. *Robbins,* 29 Ind. 271." To the same effect is *Beattie* v. *Brown,* 64 Ill. 360. *Jones* v. *Albee,* 70 Ill. 34, and *Davis* v. *Brown,* 94 U. S. (4 Otto) 423, are cited as holding a different rule. What is *decided* in *Jones* v. *Albee* is not in conflict but in entire consonance with this rule, although there may be some expressions there that give color to the rule contended for by appellants' counsel.

In *Davis* v. *Brown,* the ruling was simply that an agreement *in writing* made between an indorser and indorsee, at the time of the indorsement, that the indorser shall not be held liable thereon where the paper has not afterwards been put in circulation, but is held by the indorsee, and the indorsement, taken together, are equivalent, so far as the indorsee is concerned, to an indorsement without recourse to the indorser.

The present case is different. The offer here is to contradict the writing by parol, not to modify it by a contemporaneous written agreement.

We think the rule in *Mason* v. *Burton, supra,* should be adhered to, and that the evidence offered was properly rejected.

Appellants here, as in *Munson* v. *Adams,* 89 Ill. 450, by appearing and going to trial and waiving a jury, etc., waived the right to object to advancing the cause under the five-day rule. They were not compelled to go to trial, but

they did so,. and the record affirmatively shows they had no defence, and hence were not legally injured thereby.

The judgment is affirmed.

*Judgment affirmed.*