Stack v. Beach.

No. 7660.

STACK v. BEACH.

74 571
126 458
74 571
134 14

. BILL OF EXCHANGE.—*Promissory Note.*— *Contract of Endorsement.*— *Parol Evidence not Admissible to. Contradict or Vary.*—*Presumption.*—An endorsement of a promissory note or bill of exchange, regularly following that of the payee, constitutes a certain and defined contract, with a legal force and meaning as complete and certain as if all the conditions and stipulations of the contract had been written out at full length, and parol evidence is inadmissible to modify or contradict such a contract of endorsement; but the endorsement of a note or bill not previously endorsed, or not endorsed at all by the payee, is an irregular proceeding, and the contract created by it is not one of fixed and definite legal import.

SAME.—*Exceptions to Rule as to Admission of Parol Evidence.*—While it is the general rule that a contract of endorsement regularly following that of the payee can not be varied or contradicted by parol evidence, yet such evidence is admissible to show that the endorsement was for the purpose of creating a trust; that it was for collection merely; that the instrument was endorsed as collateral security, or delivered as an escrow, or endorsed to an agent for a particular purpose.

PLEADING.—*Must State Facts.*—A bare general statement, thrown into the body of a pleading setting forth specific facts, can not control the pleading and make good what would otherwise be insufficient; the substantive traversable facts are to be looked to in determining its sufficiency, and not mere conclusions.

From the Vigo Circuit Court.

*A. B. Carlton* and *J. E. Lamb*, for appellant.
*J. G. Williams* and *B. V. Marshall*, for appellee.

ELLIOTT, J. —Appellant was sued as the endorser of a bill of exchange. The answer is in two paragraphs. This appeal. presents the question of the sufficiency of the second of these. paragraphs, to which the trial court sustained a demurrer.

The material statements of the answer are, in substance, these: That appellant went with one John W. Wilson, to. the Prairie City Bank, of Terre Haute, for the purpose of identifying the said Wilson as the payee and holder of the. bill of exchange sued on ; that the agent of the bank requested appellant to write his name on the back thereof, for the.

purpose of identifying Wilson ; that he, the appellant, never owned or had possession of said bill ; that he did not negoti-ate it ; that he did not sign it as maker, surety or endorser ; that the sole purpose for which he wrote his name on the back thereof was to identify the said Wilson as the payee of said bill ; that Wilson was the identical person he repre-sented himself to be ; that appellant was not requested to write his name as endorser by Wilson or anybody else ; that he was not informed, nor did he understand, that he was signing as an endorser.

The answer is insufficient. The contract of indorsement was a written one, and fully within the rule that parol evi-dence is not admissible for the purpose of modifying or con-tradicting written contracts. In *Prescott Bank* v. *Caverly*, 7 Gray, 217, evidence was offered to show that the indorser had only placed his name upon the back of the bill to iden-tify the person to whom it was paid, and that it was agreed and understood that this was the sole purpose for which the signature was placed upon the note, but the evidence was excluded. There are in our own reports many cases hold-ing that parol evidence is not admissible for the purpose of showing that an endorsement was without recourse. *Lee* v. *Pile*, 37 Ind. 107 ; *Campbell* v. *Robbins*, 29 Ind. 271 ; *Wilson* v. *Black*, 6 Blackf. 509 ; *Blair* v. *Williams*, 7 Blackf. 132. In *Parker* v. *Morton*, 29 Ind. 89, it was held that an answer to an action upon the assignment of a promissory note, setting up a verbal contemporaneous agreement, was insuf-ficient. There is some conflict in the decisions of other courts, but the weight of authority is with the holding of our court, that the endorsement is a written contract, and within the rules of evidence ordinarily applicable to such contracts. The cases which hold the contrary doctrine proceed upon the theory that the contract is implied by law, and is not set out in writing, but this doctrine can not be reconciled with fund-amental principles. The reason upon which rests the rule

sanctioned by this and many other courts is thus well and accurately stated in *Woodward* v. *Foster*, 18 Grat. 200: "When the legal import of a contract is clear and definite,. the intention of the parties is, for all substantial purposes,. as distinctly and as fully expressed, as if they had written. out in words what the law implies. It is immaterial how much or how little is expressed in words, if the law attaches: to what is expressed a clear and definite import. Though the writing consists only of a signature, as in the case of an indorsement in blank, yet where the law attaches to it a clear, unequivocal and definite import, the contract imported by it can no more be varied or contradicted by evidence of a contemporaneous parol agreement, than if the whole contract had been fully written out in words. The mischiefs of admitting parol evidence would be the same, in such cases,. as if the terms implied by law had been expressed."

There is an important exception to the general rule, that an endorsement can not be varied or contradicted by parol evidence. Parol evidence is admissible for the purpose of showing that the endorsement created a trust. Thus it may be shown that a principal endorsed to an agent for the purpose of allowing the latter to use the bill for some particular purpose. *Dale* v. *Gear*, 38 Conn. 15 ; *Chaddock* v. *Vanness*, 35 N. J. L. 517. So it has been held that the endorsement may be shown to have been for collection merely, and that the instrument was delivered as an escrow upon an express. condition not performed. *Ricketts* v. *Pendleton*, 14 Md. 320 ; *McWhirt* v. *McKee*, 6 Kan. 412 ; *Wallis* v. *Littell*, 11 C. B. N. s. 369 ; *Bell* v. *Lord Ingestre*, 12 Q. B. 317. It is upon this general doctrine that the holding in *Hazzard* v. *Duke*, 64 Ind. 220, that it may be shown by parol evidence that the instrument was endorsed as collateral security, can be fully sustained. The principle that parol evidence is competent for the purpose of showing a trust is by no means confined to contracts of endorsements. Whart. Evidence, sec.

903. A familiar illustration of this general doctrine is supplied by the numerous cases holding that a deed absolute on its face may be shown to be a mortgage. The cases which hold that, as between the parties who execute or endorse the bill, the true relationship may be shown, do not trench upon the rule that an endorsement can not be varied by parol evidence. The rights of such parties may be tried between themselves, but the rights of the holders can not be thereby affected. *Houston* v. *Bruner*, 39 Ind. 376. Nor do those cases which hold that where the endorsement is made by a third person, prior to an endorsement by the payee, parol evidence is admissible to show the character of the indorser's undertaking, have any bearing upon the question here under discussion. The contract, in such a case, is unlike that of a full contract created by writing the name after the payee has regularly endorsed the instrument. The endorsement of a note or bill, not previously endorsed or not endorsed at all by the payee, is an irregular proceeding, and the contract created by it is not one of fixed and definite legal import. An endorsement regularly following that of the payee does constitute a certain and defined contract, with a legal force and meaning quite as complete and certain as if all the conditions and stipulations of the contract had been written out at full length. This is substantially the doctrine declared in *Vore* v. *Hurst*, 13 Ind. 551, and which has been sanctioned by a long and unbroken line of decisions. *Armstrong* v. *Harshman*, 61 Ind. 52 ; *Holton* v. *McCormick*, 45 Ind. 411 ; *Roberts* v. *Masters*, 40 Ind. 461 ; *Drake* v. *Markle*, 21 Ind. 433 ; *Dale* v. *Moffitt*, 22 Ind. 113 ; *McGaughey* v. *Elliott*, 18 Ind. 121. There are many adjudicated cases declaring and enforcing the principle upon which our cases are bottomed. Among them are *Brown* v. *Spofford*, 95 U. S. 474 ; *Specht* v. *Howard*, 16 Wal. 564 ; *Howe* v. *Merrill*, 5 Cush. 80 ; *Bigelow* v. *Colton*, 13 Gray, 309 ; *Wright* v. *Morse*, 9

Gray, 337 ; *Crocker* v. *Getchell,* 23 Me. 392 ; *Tankersley* v. *Graham,* 8 Ala. 247.

It affirmatively appears, from the complaint and answer, that the appellant's endorsement follows that of the payee, and the case is therefore brought fully within the rule which has so long prevailed in this State.

The answer contains a general statement that the appellant did not endorse the note, but this is a mere conclusion of the pleader from the facts stated, and does not of itself make the answer sufficient. A bare general statement, thrown into the body of a pleading setting forth specific facts, will not be allowed to control the pleading, and make good what would otherwise have been bad. The substantive traversable facts are to be looked to in determining the sufficiency of a pleading, and not mere conclusions. *Neidefer* v. *Chastain,* 71 Ind. 363. It would violate all rules of good pleading to permit a pleader to make good a pleading, by casting into it, in some out of the way place, a general statement, entirely variant from, and inconsistent with, the facts stated as constituting the cause of action or defence.

Judgment affirmed.