JAMES C. STOUT *vs.* GEORGE H. WATSON.

February 27, 1891.

Promissory Note — Conditional Privilege of Cancellation.—Where, upon the execution of a promissory note, the payee, as part of the contract, indorsed an agreement upon the note whereby it was *promised and agreed* that, in case the maker of the note should erect a dwelling-house upon the lot therein described on or before a certain date, the note should be cancelled, *held,* that the right to cancel the note in this way was a privilege or option to be exercised within the time limited, and, unless extended, the privilege would lapse, and the note become absolute.

Same—Voluntary. Extension of Privilege Acted on by Maker.—But a voluntary extension of the privilege, if acted on within the time thereby limited, and the terms thereof complied with, will from that time be binding upon the parties, and be deemed to rest upon a sufficient consideration.

Same—Question for Jury.—Whether there was such extension in this case *held* a question for the jury.

Action brought in the district court for Ramsey county, to recover $375 and interest on the instrument considered in the opinion. Trial before *Searle,* J., (acting for a judge of the 2nd district,) and verdict directed for defendant. The plaintiff appeals from an order refusing a new trial.

*C. H. Benedict,* for appellant.

*John B. & W. H. Sanborn,* for respondent.

VANDERBURGH, J. The plaintiff entered into a contract with the defendant for the sale to him of certain building lots at a price named, with an additional stipulation as follows: "It is also agreed and understood that the said Watson shall execute a note for $375.00, payable on or before six months, said note to stipulate that if said Watson builds a residence on lot 24, and W. ½ lot 25, then said note to be cancelled; but in case he should not build, the note to remain in force." This contract bore date June 28, 1887. In pursuance thereof, and on or about July 12, 1887, the defendant executed to the plaintiff the note sued on, which was antedated by agreement, its date as written being April 12, 1887, and upon it was indorsed the agreement referred to in the complaint, signed by plaintiff, wherein it was stipulated that in case the defendant should erect a dwelling-house on the aforementioned lot on or before April 12, 1888, then the note should be cancelled. The time was extended to July 1, 1888, in writing, indorsed on the note, and plaintiff also testifies that he gave a subsequent verbal extension for 30 days, but that nothing was done towards building the house within that time.

1. The note and indorsement must be construed together, and the effect of the contract was to limit the time within which defendant might satisfy or cancel the note by building a house upon the land specified. Unless, therefore, the contract was modified, or the time

extended, plaintiff's right to collect the note would be absolute. The right to cancel the note in this way was a mere privilege, to be exercised within the time specified.

2. The next question presented is the effect of the alleged extensions of the contract. Plaintiff admits in his evidence that there were two subsequent extensions,— one of 60 days, and another for 30 days,—and none other, and says that the conditions of the contract were not complied with during either period, and he therefore insists that he be entitled to the face of the note and interest according to its terms. The defendant, however, testifies, in substance, that the time was extended from time to time by the plaintiff, on account of the delay of the city in laying the sewer and water pipes, so that a connection could be formed with them; that water was put in in August, 1888, and the sewer was completed early in November, the same year; that he commenced building the house in August, 1888, and about that time showed plaintiff the plans, and the plaintiff then said he was fully satisfied that defendant intended to build the house, and that no further indorsement was necessary,—referring to an extension of the time to complete the house. Plaintiff's promise to extend the time for erecting the house was not binding without a consideration; but such promise was equivalent to a renewal of the offer or option, and, if accepted, and the house built on the faith of it and before it was withdrawn, from that time it rested upon a good and sufficient consideration. 1 Pars. Cont. 451. Until the performance of the conditions by the promisee the obligation of the contract or promise is suspended, and there is no consideration. After performance, "it is clothed with a valid consideration, which relates back to the promise, and it then becomes obligatory." *Morse* v. *Bellows,* 7 N. H. 549. It was, then, upon the evidence, a question to be determined by the jury whether the additional extensions, of the nature claimed by defendant, were in fact given by the plaintiff, and the case should have gone to the jury.

Order reversed.