## W. E. Haines v. H. H. Nance et al.

1. Bills of Exchange—*What Is.*—The following instrument is a bill of exchange under Sec. 3, Ch. 98, R. S.

Bushnell, Ill., October 26, 1891.

To the Building Committee of the Methodist Episcopal Parsonage, Bushnell, Illinois.

Gentlemen: Please pay W. E. Haines, $159.48, and charge to the account of John Livingstone.

2. Bills of Exchange—*What is a Personal Acceptance.*—The following indorsement on the back of a bill of exchange:

H. H. Nance,  } Building Committee for
Jas. Cole,    }      M. E. Church Parsonage,
J. B. Spicer, }

is the personal acceptance of the parties signing it and not that of the building committee.

3. Bill of Exchange—*Indorsements in Blank—Acceptances.*—An indorsement by a person in blank upon a bill of exchange is in legal effect an acceptance of it.

4. Bill of Exchange—*Acceptances—Parol Proof.*—An acceptance of a bill of exchange on its face absolute, can not be shown by parol to have been conditional.

Memorandum.—Assumpsit. Appeal from the Circuit Court of McDonough County; the Hon. Charles J. Scofield, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed October 28, 1893.

The opinion states the case.

APPELLANT'S BRIEF, T. J. SPARKS AND BAILY & HOLLY,
ATTORNEYS.

The " order " spoken of in this case was nothing more nor
less than a bill of exchange. Rapalje & Lawrence, Law
Dictionary, 129; Randolph on Commercial Paper, 2.

The signing of the order by the defendants constituted an
acceptance of it. Rapalje & Lawrence, Law Dictionary, 8;
Randolph on Commercial Paper, 4; Norton v. Knapp, 64
Iowa, 112.

And if an acceptance is absolute on its face a contempo-
raneous condition can not be shown by parol. Byles on
Bills, 196; Goodwin v. McCoy, 13 Ala. 271.  As to drawee
acceptor is liable as principal.  Byers v. Franklin Coal Co.,
106 Mass. 131; First National Bank v. Morris, 1 Hun, 680.

The acceptor of a bill of exchange is primarily liable for
its payment even though he have no funds of the drawer in
his hands. Crounse v. Kellogg, 20 Ill. 11; Diversy v. Moore,
22 Ill. 331; Novak v. Excelsior Stone Co., 78 Ill. 307.

The order in this case is a bill of exchange. In this State
the words " or order," or " for value received," are not
necessary to make an instrument negotiable.  Revised Stat-
utes (Starr & Curtis), Chap. 98, Sec. 3; Archer v. Claflin,
31 Ill. 306.

D. CHAMBERS, attorney for appellees.

STATEMENT OF THE CASE.

This was an action of assumpsit brought by the appellant
against Nance, Cole and Spicer, appellees, as acceptors of the
following instrument :

BUSHNELL, ILL., Oct. 26, 1891.
To the Building Committee of the Methodist Episcopal Par-
sonage, Bushnell, Illinois.

GENTLEMEN :  Please pay W. E. Haines $159.48, and
charge to the account of John Livingstone.

Indorsed on its back :

H. H. NANCE, ⎰ Building Committee for
JAS. COLE,      ⎱     M. E. Church Parsonage.
J. B. SPICER,

The appellees together with Rev. R. E. Buckley and Cicero Hamilton, were appointed the Building Committee of the Methodist Episcopal Church Parsonage, of Bushnell, Illinois.

John Livingstone, the drawer of the instrument, entered into a contract with this building committee to build the parsonage, and executed and delivered to the appellant the instrument sued upon. The appellant presented it to the appellees, who indorsed it as shown by the copy here set out. The defense presented in the Circuit Court was that the appellees indorsed the order as members of the building committee with the intention of binding that body or the church corporation, and not themselves as individuals; that the money directed to be paid by the order to the appellant was for the purpose of discharging an indebtedness due from Livingstone, incurred long before the latter contracted to build the parsonage, and was in no wise connected with the erection of the building; and that Livingstone abandoned his contract and had no claim against or money due him from the building committee or the church. Against the objection of the appellant the appellees were permitted to introduce parol testimony in support of such defense. The appellees prevailed and the plaintiff appealed to this court.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

However strong the defense sought to be made may appear to be in merit or in point of equity, it can not prevail under the rules of law applicable to the instrument in suit and the act of the appellees in connection therewith. The instrument has all the qualities of a bill of exchange (3 Kent's Com., 74; Daniel's Negotiable Instruments, 493–495; Randolph's Commercial Paper, Vol. 1, page 2), except it does not contain words at one time deemed necessary to give it the quality of negotiability.

By the force and effect of Sec. 3, Chap. 98, R. S., the use of such words are no longer necessary to accomplish that purpose in this State. Its indorsement by the appellees, though in blank, was in legal effect an acceptance of it by

Haines v. Nance.

each one and all of them.  Lawson's Rights and Remedies, Vol. 4, 1495; Randolph on Commercial Paper, Vol. 1, page 4.  The acceptance being on its face absolute can not be shown by parol to have been conditional.  Lawson's Rights and Remedies, Vol. 4, page 1498; Byles on Bills, page 196; Johnson v. Glover, 121 Ill. 283.  Parol evidence tending to show that the appellees intended a different contract than that implied by the law from their acts was not admissible.  Johnson v. Glover, *supra;* Courtney v. Hogan, 93 Ill. 101, and cases there cited.  The liability created by the indorsement made by the appellees was their individual liability.  No apt words were used by them to bind the church, or the building committee as an organization separate from the church, without which it has been held in many cases not distinguishable in principle from this, that the undertaking is an individual one.  Powers v. Briggs, 79 Ill. 93; Burlingame v. Brewster, Id. 515; Hypes v. Griffin, 89 Ill. 134; Scanlan v. Keith, 102 Ill. 634.  Cases supposed to support a view contrary to that which we have expressed will be found to differ from the cases we have cited only in the facts—not in the rule of law announced.  Because of the error of the Circuit Court in admitting parol evidence to vary the contract implied by the law from the writing, and in rendering the judgment against the appellant, the judgment must be and is reversed and the cause remanded.