DAVIS, ADMINISTRATOR, v. EVANSVILLE COLLEGE.

[No. 11,430.   Filed May 21, 1925.   Rehearing denied October 13, 1925.]

1. BILLS AND NOTES.—*Option placed on back of note authorizing discharge thereof by performance of act within specified time not part of note after expiration of time for performance.*—Where a memorandum has been added to a note giving the maker an option for a limited time to discharge it by the performance of some act therein specified, and the time wherein the maker was to exercise the option has expired, the memorandum will not be construed as a part of the note, but the instrument will be considered absolute according to its terms. p. 487.

2. BILLS AND NOTES.—*Failure of maker to exercise option indorsed on note authorizing discharge thereof by conveyance of certain real estate, held to make her estate liable to pay note in money.*—Failure of maker of note to exercise option indorsed on the back thereof authorizing the discharge thereof by conveyance of designated real estate, *held* to render her estate liable to pay the same in money.   p. 488.

3. BILLS AND NOTES.—*Creditor may enforce payment of note in money where option to pay in services or property was not duly exercised.*—Where the maker of a note having the right to pay the same in services or property fails to exercise his option, and to tender such services or property when necessary, the creditor may enforce payment in money.   p. 488.

4. BILLS AND NOTES.—*Memorandum on back of note conferring privilege of discharging note by conveyance of real estate is void if privilege not exercised before maturity of note.*—A memorandum on the back of a promissory note for the payment of money at a specified time authorizing the discharge of the note by the conveyance of certain real estate confers on the maker the privilege of discharging the obligation in the manner specified, but, unless exercised before maturity, it constitutes no part of the note.   p. 488.

From Posey Circuit Court; *Caleb J. Lindsey*, Special Judge.

Claim against the estate of Mary E. Davis, deceased, by the Evansville College.   From a judgment against the estate, William H. Davis, administrator, appeals. *Affirmed.*   By the court in banc.

*James S. S. Kilroy* and *Zimmerman & Barker*, for appellant.

*Walton M. Wheeler*, for appellee.

NICHOLS, J.—Appellee filed its claim in the Posey Circuit Court against the estate of Mary E. Davis, deceased, in two paragraphs, the first paragraph being based on a promissory note for $5,000 signed by deceased, payable to the treasurer of the relocated Moores Hill College at Evansville, or its successors, at the maker's death and out of her estate, on certain conditions to be performed by payee. The second paragraph was based on another promissory note for the sum of $10,000 with the same maker, payee and conditions. The claim was disallowed by appellant, administrator, and placed on the trial docket by the clerk.

At the trial, the defense interposed by appellant was, in effect, a general denial and *non est factum*.

The jury returned a verdict in favor of appellee for $15,000. Appellant's motion for a new trial was overruled by the court and judgment was rendered on the verdict.

Appellant relies on alleged error of the court in overruling his motion for a new trial.

The instruments sued upon in the respective paragraphs of complaint are, each of them, on the face thereof, promissory notes, with conditions expressed therein which we do not need to set out as it is admitted that such conditions were performed. These notes were read in evidence over objection of appellant. The objection to the first note being that the note sued on was a plain promissory note calling for $5,000, whereas the note offered in evidence had an indorsement on the back thereof that: "This note is to be paid by the deed of 20 acres of the old Davis homestead in Robb township, Posey Co., Indiana, now owned by the donor. Said

deed to be made to the College to take effect at death of donor." The objection to the second note was that the note sued on was a plain promissory note for $10,000, whereas the note offered in evidence had an indorsement on the back thereof that: "This note shall be paid by the deed of 38½ arces of the old Davis homestead, Posey Co., Robb township. Said deed to be made by donor to take effect at her death."

Appellant offered no evidence, but, at the close of appellee's evidence, made his motion that the court strike from the evidence and exclude from the consideration of the jury each of the notes read in evidence for the reasons given in the objection to reading them in evidence. The motion was overruled, and this action of the court presents the only question for our consideration.

The notes upon the face of them were each an absolute promise to pay money, the maturity of the same being at the time of the death of the maker. As we view the respective indorsements upon the back of the notes, the most that can be said of them is that they were options by the maker to pay the respective notes by the conveyance of certain tracts of land. That such conveyances were to be made during the life of the maker of the notes is evidenced by the fact that the deeds to be made were to take effect at the death of the maker. The rule that must control here is thus stated in 8 C. J. 193: "Where a memorandum has been added to a note giving the maker an option for a limited time to discharge it by the performance of some act therein specified, and the time wherein the maker was to exercise the option has expired, it has been held that the memorandum will not be construed as a part of the note, but that the instrument will be considered absolute in the hands of a bona fide holder." The authorities cited to sustain this principle, and which

sustain it, are: *Stout* v. *Watson* (1891), 45 Minn. 454, 48 N. W. 195; *Odoirne* v. *Sargent* (1833), 6 N. H. 401.

A failure to make the deeds in the exercise of her privilege made the payor's estate liable to pay the notes in money. *Johnson* v. *Seymour* (1862), 19 Ind. 24.

If a debtor having the right to pay a note in services or property, fails to duly exercise his election, and to make the proper tender in cases where a tender is necessary, then the creditor may enforce payment in money. *Nipp* v. *Diskey* (1881), 81 Ind. 214, 216, 42 Am. Rep. 124.

The utmost that can be claimed for the indorsements on the back of the notes is that the maker had the privilege at any time before their maturity to discharge them by a conveyance of the real estate specified. *Parker* v. *Morton* (1867), 29 Ind. 89. Failing to avail herself of such privilege, such indorsements after her death were then without force, and constituted no part of the notes sued on.

The court did not err in overruling appellant's objections to the evidence, nor in overruling his motion to strike it out.

Judgment affirmed.